UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                                          :
DARRYL WILLIAMS,                                          :
                                                          :
                              Petitioner,                 :
                                                          :
              -v-                                         :
                                                          :
C. JACOBSEN,                                              :
                                                          :
                              Respondent.                 :
                                                          :
------------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12-21-16
```

15 Civ. 6376 (PAE) (KNF)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

On August 12, 2015, petitioner Darryl Williams, proceeding *pro se*, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Dkt. 2. On April 7, 2016, the Court referred the petition to Magistrate Judge Kevin Nathaniel Fox. On May 3, 2016, respondent C. Jacobsen filed a declaration and a memorandum of law in opposition to Williams's habeas petition. Dkts. 11–12. On November 28, 2016, Judge Fox issued a Report and Recommendation, Dkt 19 (the "Report"), recommending that Williams's habeas petition be denied. The Report advised Williams that he had 14 days to file objections to the Report and that a failure to file timely objections timely would preclude appellate review, citing 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure 6 and 72(b). To date, no objections have been received. For the reasons that follow, the Court adopts the Report in its entirety. Williams's petition is denied.

I.      **Background**

Williams challenges his November 2012 conviction, following a jury trial, in Supreme Court, Bronx County, of two counts of attempted robbery in the second degree, for which he was

sentenced to two concurrent, determinate terms of six years of imprisonment followed by five years of post-release supervision. These charges resulted from a bungled robbery on January 12, 2010, in which Williams and another man approached a taxi driver, who was seated in his taxi while stopped at a red light at the intersection of Crotona Avenue and Grote Street in the Bronx. Williams and the other man asked the driver if he could take them to a location, and then Williams put a gun to the driver's head while the other man opened his coat to cover Williams. Williams demanded that the driver hand over money. The light then turned green and the driver sped away. Later the driver exited his taxi to chase, and eventually catch, Williams, leading to his arrest.

Williams was tried three times, all in New York State Supreme Court. The first two trials resulted in mistrials. The first trial, in November 2011, ended in a mistrial after Williams's retained defense counsel, after various missteps in his opening statement, asked to be relieved in favor of more experienced counsel. The court denied the motion but, with Williams's approval, appointed standby counsel to assist. Later, retained counsel then renewed his request to be relieved, and the court granted that motion, but ordered a mistrial when standby counsel proved unavailable to continue the representation at trial. Williams's second trial ended in a hung jury. Williams was convicted at the third trial. Williams' conviction was upheld on direct appeal by the Appellate Division, First Department, which found meritless Williams's various challenges to jury selection and the jury instructions, and his claims that his right to counsel and his right to be free from double jeopardy had been infringed.

In his petition, Williams makes several arguments. He claims his right against double jeopardy was violated by his retrial after the first mistrial; that the trial judge erred in excusing a juror at his third trial; that the trial judge separately erred in declining to excuse or question more

2

thoroughly a different juror; and that the court gave the jury incorrect instructions in response to their notes.

The Report thoroughly analyzed each of these arguments and rejected them.

## II.    Discussion

After a magistrate judge has issued a Report and Recommendation, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  To accept the portions of a report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Acevedo v. Lempke*, No. 10 Civ. 5285 (PAE) (HBP), 2014 WL 4651904, at *3 (S.D.N.Y. Sept. 17, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)).  When a timely and specific objection has been made, the court is obligated to review the contested issues *de novo*.  *See id.*; Fed. R. Civ. P. 72(b)(3); *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998).  But when the objections simply reiterate previous arguments or make only conclusory statements, the court should review the Report and Recommendation for clear error.  *Dickerson v. Conway*, No. 08 Civ. 8024 (PAE) (FM), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *see Kirk v. Burge*, 646 F. Supp. 2d 534, 538 (S.D.N.Y. 2009) (collecting cases).  This is so even in the case of a *pro se* petitioner.  *Cf. Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).

Williams has filed no objections to the Report to date.  As a result, the Court reviews the Report for clear error.  Having carefully reviewed the Report, the Court finds no error, let alone clear error.  Judge Fox's report is thorough and persuasive, and the Court adopts it in its entirety.

## CONCLUSION

For the foregoing reasons, Williams's petition for a writ of habeas corpus is denied. Williams's failure to file written objections precludes appellate review of this decision. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). Accordingly, the Court declines to issue a certificate of appealability. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Clerk of Court is respectfully directed mail a copy of this Order to Williams and to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: December 21, 2016
      New York, New York

4